TRINA A. HIGGINS, United States Attorney (#7349)
SIRENA MILLER WISSLER, Assistant United States Attorney (#7450)
TANNER ZUMWALT, Assistant United States Attorney (#18256)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: Tanner.Zumwalt@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN GREGORY BRACKEN,<br><br>Defendant. | **UNITED STATES' RESPONSE TO HABEAS CORPUS WRIT OF QUO WARRANTO**<br><br>Case No. 2:24-cr-00132-TS<br><br>District Judge Ted Stewart |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and responds to the "Habeas Corpus Writ of Quo Warranto" filed by defendant Ryan Gregory Bracken ("Bracken").[1]

---

[1] On multiple occasions in open Court, defendant Ryan Gregory Bracken has objected to being referred to as "Mr. Bracken," instead opting to be referred to simply as "Bracken." Out of respect for his stated preference, the United States shall refer to him herein as "Bracken."

**Statement of Relevant Facts**

On or about April 4, 2024, Bracken was charged by way of Criminal Complaint with the felony offense of Stalking in violation of 18 U.S.C. § 2261A.[2] (ECF 1). Bracken was arrested pursuant to the Criminal Complaint on April 5, 2024. (ECF 7). He made his initial appearance before Chief United States Magistrate Judge Dustin B. Pead on April 10, 2024. Bracken was advised of the charged levied against him. The United States moved for detention, arguing that Bracken presented a danger to the community if released. (ECF 6).

At the initial appearance, Bracken agreed to be assisted by the Office of the Federal Public Defender in the person of Carlos Garcia. Mr. Garcia argued for Bracken's release on conditions; notwithstanding his advocacy, Chief Magistrate Judge Pead concluded that the United States had met its burden to demonstrate by clear and convincing evidence that Bracken posed a danger to the community and ordered him detained. (ECF 15).

On April 17, 2024, a duly empaneled Grand Jury sitting in the District of Utah returned an Indictment against Bracken. (ECF 9). Consistent with the previously issued Criminal Complaint, the Indictment alleged one count of Stalking, in violation of 18 U.S.C. § 2261A, and added one count of Interstate Communication of Threats in violation of 18 U.S.C. § 875(c).

The parties appeared before Chief Magistrate Judge Pead once again on April 18, 2024. (ECF 14). At the hearing, Bracken advised the Court that he wished to terminate the services of

---

[2] Regrettably, both the Complaint and the Indictment contain a typographical error. Rather than the correct citation, 18 U.S.C. § 2261A, those documents cite to 18 U.S.C. § 2661A, a non-existent statute. The typographical error is the subject of a pending motion filed by the United States. (ECF 17).

the Office of the Federal Public Defender and instead appear "sui juris."[3] Based upon Bracken's stated intention to eschew the assistance of an attorney, the Court scheduled the matter for a *Farretta* hearing.[4]

On April 23, 2024, Chief Magistrate Judge Pead held a *Farretta* hearing during which he engaged Bracken in a lengthy colloquy touching upon any formal legal training (or lack thereof), experience with the criminal justice system, knowledge of Federal Court procedures (including, but not limited to, a discussion of the Federal Rules of Criminal Procedure and the Federal Rules of Evidence), and the possible consequences of proceeding without counsel. Bracken steadfastly maintained his desire to proceed on his own behalf. Bracken was advised of the charges against him (to include the elements of both offenses) and the penalties to which he would be subject if convicted. He declined to enter a plea; as a result, Chief Magistrate Judge Pead entered a "not guilty" plea on his behalf. Ultimately, Chief Magistrate Judge Pead rule that Bracken would be permitted to proceed without an attorney. (ECF 19).

On May 13, 2024, the undersigned received a hand-written pleading entitled "Habeas Corpus Writ of Quo Warranto," purportedly authored by Bracken.[5] The document identifies the filer as "Little King Gregorius Conquistador (Ryan-Gregory;Bracken)" and is signed consistent with that identity. It is to that document which the United States, through counsel, now responds.

---

[3] Bracken has objected on multiple occasions to the use of the word "represent," and the phrase "pro se."

[4] *Farretta v. California*, 422 U.S. 806 (1975).

[5] The document is postmarked May 8, 2024.

## Argument

### I. The United States construes the "Habeas Corpus Writ of Quo Warranto" as a Motion to Dismiss the Indictment.

As the Court is well-aware, pleadings filed by a litigant appearing without counsel "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Erickson v. Pardus*, 551 U.S 89, 94 (2007). Although Bracken's Habeas Corpus Writ of Quo Warranto does not explicitly request dismissal of the Indictment, it does appear to advance multiple legal theories under which a dismissal *could* be argued.[6] As a result, the United States construes it, at least in part, as a Motion to Dismiss and responds accordingly.

### II. The propriety (or lack thereof) of the foreclosure of Bracken's home and property has no relevance to the instant case.

As a preliminary matter, the United States notes that a significant portion of Bracken's recent pleading is devoted to a discussion of the foreclosure on his home/property. To state the obvious, the United States was not a party to that foreclosure. To the extent Bracken alleges the existence of any "fraudulent conveyance of partnership with the corporation known as the UNITED STATES," the United States denies the same. Bracken seemingly argues there was a "forgery" committed by unknown persons and that, because of such forgery and other alleged

---

[6] The only precise relief requested by Bracken's Habeas Corpus Writ of Quo Warranto appears to be a demand that "the Court do a fully forensic audit of my account's [sic] as well as any Bonds [sic] created on my behalf, as well as produce the proper IRS Tax forms for my proper endorsement." (Habeas Corpus Writ of Quo Warranto, p. 8). It does not appear that Bracken makes any specific request or demand of the United States at this time; however, in view of the liberal construction to which his pleading is entitled, and to its content, the United States offers this response nonetheless.

deficiencies, "there was never a loan" on his property, presumably rendering the foreclosure invalid. The United States is without sufficient information to render any opinion or take any position on any matter pertaining to the foreclosure, nor should it be required to do so.

Even assuming, *arguendo*, that the foreclosure on Bracken's property was utterly defective, a point which the United States does not opine and on which it does not concede, such defect does not amount to a legal defense against the charges at issue. In other words, *even if* the foreclosure were improper, such impropriety does not entitle Bracken to engage in stalking behavior or to make violent threats against others. Temporarily setting aside the issue of whether Bracken is required to comply with the laws of the United States at all (to be addressed herein below), there simply is no support for the notion that Bracken (or anyone else) is excused from violating the law if he does so only in an attempt to redress his grievances over a foreclosure proceeding. In the event of trial, the United States intends to move, *in limine*, for an order prohibiting Bracken from advancing a "fraudulent foreclosure" argument as a defense to the pending charges.

### III. Bracken fails to assert any cognizable constitutional deficiencies with the charges asserted against him.

Next, Bracken appears to challenge that his alleged conduct—harassing and threatening law enforcement officers and public officials with violence—was protected speech under the Constitution. He cites *New York Times v. Sullivan* and *Whitney v. California* for the proposition that "[i]t is a prized American privilege to speak one's mind, although not always with perfect good taste, on all public institutions." (Habeas Corpus Writ of Quo Warranto, p. 3). He further explains this "may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *Id.*

5

While the First Amendment generally prohibits any law abridging the freedom of speech, the Supreme Court has carved out limited categories of unprotected speech, including "incitement," "defamation," "obscenity," and, as relevant here, "[t]rue threats of violence." *See Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106, 2113–14 (2023) ("True threats of violence, everyone agrees, lie outside the bounds of the First Amendment's protection."). "True threats are 'serious expression[s]' conveying that a speaker means to 'commit an act of unlawful violence.'" *Id.* (citing *Virginia v. Black*, 538 U.S. 343, 359 (2003)). Accordingly, facial and as-applied challenges to 18 U.S.C. §§ 875(c) and 2261A charges are routinely rejected by the courts. *See, e.g.*, *United States v. Moreland*, 207 F. Supp. 3d 1222, 1229 (N.D. Okla. 2016) (finding that § 2261A(2)(B) is not facially overbroad and does not wrongfully infringe on protected speech); *United States v. Bandy*, No. 17-CR-3402 MV, 2021 U.S. Dist. LEXIS 43718, at *16-17 (D.N.M. Mar. 9, 2021); *see also United States v. Osinger*, 753 F.3d 939, 943–48 (9th Cir. 2014); *United States v. Petrovic*, 701 F.3d 849, 856 (8th Cir. 2012).

As noted, Bracken has been indicted for making threatening statements against law enforcement and other public officials. (ECF 9). This includes his visceral threat to injure another person by stating, "this definitely will be resting on your heads and I shouldn't have to remind you what the penalty is for treason. The last time I checked, it was fucking death." *Id.* Bracken also threatened to "spit hot lead, 7.62[mm]" at Salt Lake County Sheriff's Office personnel tasked with serving an eviction notice on his property, describing himself as "a crack shot." The Indictment further alleges Bracken made these statements—and others—with the intent required under the charging statutes. *Id.*

Bracken appears to concede that he did, in fact, make the alleged threatening statements. (Habeas Corpus Writ of Quo Warranto, p. 3–5). But he asserts his "intent in all of this . . . was never for anyone to [get] hurt." Rather, his "intent was only to protect [his] person and home from unlawful seizure from unregistered foreign agents . . . , [a]s well as to educate [] public servants [about] treason." *Id.* at 5.

In the event of trial, Bracken will have the opportunity to challenge the United States' evidence—or present his own—regarding his *mens rea*. Until then, Bracken's assertions about his state of mind and the nature of his statements "is a question generally best left to a jury." *United States v. Wheeler*, 776 F.3d 736, 742 (10th Cir. 2015) (quoting *United States v. Malik*, 16 F.3d 45, 51 (2d Cir. 1994)); *see also id.* ("[W]hether a defendant's statement is a true threat or mere political speech is a question for the jury." (quoting *United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999)). And a court may dismiss the charges against Bracken only "[i]f there is no question that [his] speech is protected by the First Amendment." *Id.* (quoting *Viefhaus*, 168 F.3d at 397)).

Ultimately, Bracken fails to point to any deficiency with the Indictment or the charges against him beyond vague references to the protective sweep of the First Amendment. Nevertheless, a reasonable jury could conclude that Bracken communicated a true threat when he accused public officials of treason and told them the penalty was "fucking death." (ECF 9). Specifically, a reasonable jury could conclude Bracken intended his victims to feel threatened, or he knew his comments would be viewed as a threat of injury. *See Elonis v. United States*, 575 U.S. 723, 740 (2015) ("[T]he mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that

7

the communication will be viewed as a threat."); *see also* 18 U.S.C. § 2261A(2) (reflecting the intent requirement for a § 2261A stalking charge). Therefore, it cannot be said that there is "no question" that Bracken's statements were protected by the First Amendment. *Wheeler*, 776 F.3d at 742.

### IV. Bracken is not excepted from the laws or jurisdiction of the United States.

Finally, Bracken argues that he is a "sovereign citizen,"[7] who is not subject to the laws or jurisdiction of the United States. He embraces some of the hallmark arguments of sovereign citizen ideology,[8] asserting that "the United States is not [a] government but a corporation" and "statutes and codes are not law, rather policy for corporations." (Habeas Corpus Writ of Quo Warranto, p. 2, 5). He concludes by "ordering the Court to do a full forensic audit of [his] accounts as well as any bonds created on [his] behalf." *Id.* at 8.

These are not persuasive arguments. It is well established that assertions of personal "sovereignty" do not exempt an individual from state or federal laws, nor do they place him outside the jurisdiction of the courts. *See Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011) (unpublished) ("[W]e note that an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law." (internal quotation marks and citation omitted)); *Utah Dep't of Workforce Servs. v. Geddes*, No. 2:13-cv-24 TS, 2013 U.S. Dist. LEXIS 49177, at *5 (D. Utah Apr. 4, 2013) ("Courts have routinely found the sovereign citizen argument as 'completely without merit' and 'patently

---

[7] Specifically, Bracken refers to himself as "a Non-Resident Alien, Civilized Member of American Society, with Complete Sovereignty."

[8] *See generally* Michael Crowell, A *Quick Guide to Sovereign Citizens*, Admin. of Just. Bull., Nov. 2015.

8

frivolous.'" (collecting cases)); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

Bracken has repeatedly invoked his claimed legal status in prior court proceedings to no avail. (Minute Entry for Proceedings on April 18, 2024, ECF 14; Minute Entry for Proceedings on April 23, 2024, ECF 19). Once again, his meritless legal theories "should be rejected summarily." *Benabe*, 654 F.3d at 767.

## Conclusion

For the foregoing reasons, Bracken's Habeas Corpus Writ of Quo Warranto should "rejected summarily" and any relief sought denied in its entirety.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney

*/s/ Sirena Miller Wissler & Tanner Zumwalt*
SIRENA MILLER WISSLER
TANNER ZUMWALT
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I, Tanner Zumwalt, hereby certify that on this 20th day of May, 2024, a true and correct copy of the foregoing **UNITED STATES' RESPONSE TO HABEAS CORPUS WRIT OF QUO WARRANTO** was deposited in the United States mail, postage pre-paid, for delivery to Ryan Gregory Bracken, a non-participant in the Court's electronic filing system.

                                                       */s/ Tanner Zumwalt*
                                                       TANNER ZUMWALT
                                                       Assistant United States Attorney