IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>RYAN GREGORY BRACKEN,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:24-CR-132-TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on a Motion to Correct Typographical Error in Indictment filed by the United States and a Motion for Habeas Corpus Writ of Quo Warranto and Motion for Dismissal filed by Defendant. For the reasons discussed below, the Court will grant the United States' Motion and deny Defendant's Motions.

I.  BACKGROUND

　　　　On April 17, 2024, Defendant was charged with stalking and interstate communication of threats. The Indictment erroneously stated that the stalking charge was in violation of 18 U.S.C. § 2661A. In actuality, stalking is a violation of 18 U.S.C. § 2261A. The United States seeks an order correcting this typographical error. Defendant requests dismissal.

1

II.  DISCUSSION

A.   MOTION TO CORRECT TYPOGRAPHICAL ERROR IN INDICTMENT

Generally, an indictment may not be amended except by the grand jury.[1] However, the Court may amend an indictment as to matters of form.[2] "An amendment of form and not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burdens, and is not otherwise prejudiced."[3] Amendments to form include things like correcting spelling and typographical errors.[4] As such, courts are permitted to amend an indictment to correct an erroneous statutory citation.[5]

Here, the Court finds that Defendant will not be misled or otherwise prejudiced by the proposed amendment. The Indictment makes clear that Defendant is charged with stalking and sets out the requisite elements. "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."[6] Moreover, Defendant was orally advised of the typographical error in open court and was notified of the maximum possible penalties for a violation of § 2261A. Therefore, the Court will permit amendment of the Indictment to state the correct statute.

---

[1] *Stirone v. United States*, 361 U.S. 212, 216 (1960).

[2] *United States v. Griffin*, 463 F.2d 177, 178 (10th Cir. 1972).

[3] *United States v. Cook*, 745 F.2d 1311, 1316 (10th Cir. 1984).

[4] *United States v. Ream*, 506 F. App'x 842, 844–45 (10th Cir. 2013).

[5] *See, e.g., United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993) (holding that a district court may permit the government to amend the indictment to correct a typographical error in the citation of a statute); *United States v. Lim*, 984 F.2d 331, 337 (9th Cir.1993) (same).

[6] *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

B.   DEFENDANT'S MOTIONS

   1.   *Habeas Corpus Writ of Quo Warranto*

A writ of quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed" or "[a]n action by which the state seeks to revoke a corporation's charter."[7] It is unclear why Defendant invokes this writ. Instead, Defendant's Motion contains various statements indicative of the sovereign citizen movement, which are irrelevant to the issues in this case. Courts have rejected these types of argument, finding them to be completely without merit and patently frivolous.[8] Therefore, the Court declines to address them.

For the sake of completeness, however, the Court will address some of the points raised in Defendant's Motion. First, Defendant makes the argument that the foreclosure of his property was unlawful. As with Defendant's sovereign citizen arguments, Defendant's claims about the legality of the foreclosure proceedings are not relevant to the issues presented in this case. Even if the Court were to assume that the foreclosure was somehow unlawful, that does not permit Defendant to engage in the type of conduct alleged in the Indictment.

Defendant next appears to argue that the charges violate the First Amendment. However, true threats are not protected by the First Amendment.[9] "'True threats' encompass those

---

[7] *Quo Warranto*, Black's Law Dictionary (11th ed. 2019).

[8] *See Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011) ("[W]e note that an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law.") (internal quotation marks and citation omitted); *Utah Dep't of Workforce Servs. v. Geddes*, No. 2:13-CV-24 TS, 2013 WL 1367025, at *2 (D. Utah Apr. 4, 2013) ("Courts have routinely found the sovereign citizen argument as 'completely without merit' and 'patently frivolous.'") (collecting cases).

[9] *Counterman v. Colorado*, 600 U.S. 66, 74 (2023).

statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."[10] The Supreme Court has held that 18 U.S.C. § 875(c) applies only to true threats.[11] 18 U.S.C. § 2261A(2) is similarly limited. Therefore, Courts have upheld these provisions against First Amendment challenges.[12] To the extent Defendant is challenging his charges on First Amendment grounds, it is denied.

Defendant also argues that he did not intend to hurt anyone but was merely trying to protect his property from unlawful seizure. The Tenth Circuit has stated that "it is not necessary to show that a defendant intended to or had the ability to actually carry out the threat."[13] Thus, Defendant's assertion regarding his intent is not a complete defense. Determining whether a statement amounts to a threat is "a fact-intensive inquiry, in which the language, the context in which the statements are made, as well as the recipients' responses are all relevant."[14]

"[A]bsent an unusual set of facts, the question whether statements amount to true threats is a question generally best left to a jury."[15] Only "[i]f there is no question that a defendant's speech is protected by the First Amendment," is dismissal appropriate.[16] Here, the Indictment

---

[10] *Virginia v. Black*, 538 U.S. 343, 359 (2003).

[11] *Elonis v. United States*, 575 U.S. 723, 733 (2015).

[12] *United States v. Fleury*, 20 F.4th 1353, 1362–63 (11th Cir. 2021); *United States v. Ackell*, 907 F.3d 67, 77; *United States v. Sayer*, 748 F.3d 425, 436 (1st Cir. 2014); *United States v. Bowker*, 372 F.3d 365, 379 (6th Cir. 2004); *United States v. Petrovic*, 701 F.3d 849, 856 (8th Cir. 2012); *United States v. Osinger*, 753 F.3d 939, 944–45 (9th Cir. 2014).

[13] *United States v. Wheeler*, 776 F.3d 736, 743 (10th Cir. 2015)

[14] *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1167–68 (10th Cir.2009).

[15] *Wheeler*, 776 F.3d at 742 (internal quotation marks and citation omitted)

[16] *United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999).

alleges that Defendant made a series of harassing and threating phone calls wherein he expressed death threats. Defendant has not shown that his conduct is protected by the First Amendment. Therefore, dismissal is not appropriate.

    2.    *Motion for Dismissal*

Defendant raises three arguments in support of dismissal. First, he cites to the United States' typographical error in the Indictment discussed above. However, the Court will permit amendment to include reference to the correct statute. Further, Federal Rule of Criminal Procedure 7(c)(2) provides that, "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." As discussed, the Court finds that Defendant was not misled or prejudiced by the citation error. Therefore, this does not provide a basis for dismissal.

Defendant next argues that Utah is not a federal jurisdiction because it is located outside the ten square miles of Washington, D.C. Article I, Section 8 of the Constitution allows for Congress to exercise exclusive legislative power over the District of Columbia.[17] Defendant seems to suggest that Congress' authority is limited to federal enclaves. However, it is well established that Congress has the authority to enact criminal laws in furtherance of its enumerated powers, such as the power to regulate interstate commerce.[18] Those courts that have considered the issue have concluded that the enactment of the statutes under which Defendant is

---

[17] *Paul v. United States*, 371 U.S. 245, 263 (1963).

[18] *United States v. Comstock*, 560 U.S. 126, 136 (2010).

charged were permissible under Congress's authority to regulate interstate commerce.[19] Therefore, the Court declines to dismiss the Indictment on this ground.

Finally, Defendant argues that the charge for interstate communication of threats is "clearly an entrapment charge" because the voicemail servers were located out of state.[20] Entrapment as a matter of law exists "only when there is undisputed testimony which shows conclusively and unmistakably that an otherwise innocent person was induced to commit the [criminal] act."[21] Here, there is no evidence, let alone conclusive and unmistakable evidence, that the location of the voicemail servers induced Defendant to commit the offenses as alleged in the Indictment. Rather, as alleged, it was Defendant who initiated the phone calls that are the subject of the charges. As such, Defendant's entrapment defense fails.[22] Based on the above, the Court denies Defendant's Motion for Dismissal.

---

[19] *See United States v. Al–Zubaidy*, 283 F.3d 804, 811–12 (6th Cir. 2002); *United States v. Vollmer*, 1 F. App'x 573, 573 (8th Cir.2001); *United States v. Kammersell*, 7 F. Supp. 2d 1196, 1200–01 (D. Utah 1998); *United States v. Torres*, No. 20-CR-608, 2021 WL 1947503, at *4 (S.D.N.Y. May 13, 2021); *United States v. Elkins*, No. 3:23-CR-0247, 2024 WL 1318866, at *3 (N.D. Tex. Mar. 26, 2024).

[20] Docket No. 22, at 1.

[21] *United States v. Fadel*, 844 F.2d 1425, 1434 (10th Cir. 1988) (quoting *United States v. Gurule*, 522 F.2d 20 (10th Cir.1975)).

[22] *See United States v. Perez*, 600 F.2d 782, 785 (10th Cir. 1979) (rejecting entrapment defense where the defendant first initiated contact with an informant); *United States v. Joiner*, 39 F.4th 1003, 1009 (8th Cir. 2022) (finding the government did not initiate contact for purposes of an entrapment claim where it merely posted an online advertisement for prostitution; advertisement was not directed at defendant, but instead was publicly available); *United States v. Mohamud*, 843 F.3d 420, 433 (9th Cir.2016) (finding no entrapment, as defendant "made the initial suggestion to fill a car with explosives near a target location" before undercover agent "suggested criminal activity").

C.     SELF-REPRESENTATION

Defendant has been permitted to represent himself. "A criminal defendant has a constitutional and a statutory right to waive [their] right to counsel and represent [themselves] at trial. The right of self-representation, however, is not absolute."[23] In certain instances, a court may terminate the right to self-representation.[24] "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."[25] "A court should, of course, vigilantly protect a defendant's constitutional rights, but it was never intended that any of these rights be used as a ploy to frustrate the orderly procedures of a court in the administration of justice."[26] Therefore, while the Court may be required to "tolerate 'numerous nonsensical pleadings,' [or] even 'occasionally wacky' behavior,"[27] the Court "may properly impose restraints on the right to reject counsel to prevent the right from being manipulated so as to obstruct the orderly procedure of the courts."[28]

Given certain statements indicative of the sovereign citizen movement, the Court has concern that it may, at some point, be required to terminate Defendant's right to self-

---

[23] *United States v. Akers*, 215 F.3d 1089, 1096–97 (10th Cir. 2000) (citations omitted).

[24] *United States v. Barbuto*, 60 F. App'x 754, 758 (10th Cir. 2003) (internal quotation marks and citations omitted).

[25] *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

[26] *United States v. Nunez*, 877 F.2d 1475, 1478 (10th Cir. 1989) (quoting *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979)).

[27] *United States v. Smith*, 830 F.3d 803, 810 (8th Cir. 2016) (quoting *United States v. Johnson*, 610 F.3d 1138, 1144 (9th Cir. 2010)); *see also id.* ("Repeated, frivolous challenges to the court's jurisdiction, to the government's authority to prosecute, or to the validity of the federal laws defendant is charged with violating, are not disruptive or defiant in this sense—unless they threaten to forestall pretrial or trial proceedings.").

[28] *United States v. Padilla,* 819 F.2d 952, 959 (10th Cir. 1987).

representation for obstructive behavior. The Court warns Defendant that refusal to comply with the Court's orders,[29] provide answers to the Court's questions,[30] and otherwise fail to cooperate or participate in this case[31] may result in termination of his right to self-representation.

### III.  CONCLUSION

It is therefore

ORDERED that the Motion to Correct Typographical Error in Indictment (Docket No. 17) is GRANTED. It is further

ORDERED that Defendant's Motion for Habeas Corpus Writ of Quo Warranto (Docket No. 20) and Motion for Dismissal (Docket No. 22) are DENIED.

---

[29] *See United States v. Engel*, 968 F.3d 1046, 1051 (9th Cir. 2020) (finding that while a single instance of disobedience to the court was insufficient to revoke the defendant's right to represent himself, repeated violations of court orders might be sufficiently disruptive to revoke his pro se status, particularly with prior warning).

[30] *See Barbuto*, 60 F. App'x at 758 (upholding the district court's revocation of right to self-representation where the defendant refused to provide a clear answer to the court when asked if he intended to represent himself that day at trial, making it impossible for the court to move forward).

[31] *See United States v. Mosley*, 607 F.3d 555, 557–59 (8th Cir. 2010) (upholding district court's revocation of right to self-representation where the defendant stated he was "a secured party who is sovereign. . . . not a corporation" and otherwise refused to participate in the proceedings); *United States v. Brock*, 159 F.3d 1077, 1081 (7th Cir. 1998) ("[The defendant's] steadfast refusal to answer the court's questions made it extremely difficult for the court to resolve threshold issues, such as whether the defendant would be represented by counsel. [The defendant] did not simply refuse to prepare for trial, he refused to cooperate, even minimally, with the court. Furthermore, [the defendant's] obstructionist conduct persisted even after several contempt citations. It was, therefore, reasonable for the trial court to conclude that [the defendant's] behavior strongly indicated that he would continue to be disruptive at trial.").

DATED this 4th day of June, 2024.

                                  BY THE COURT:

                                  _____
                                  Ted Stewart
                                  United States District Judge