IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br><br>v.<br><br>RYAN GREGORY BRACKEN,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO REINSTATE HIS RIGHT TO SELF REPRESENTATION<br><br><br>Case No. 2:24-CR-132-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Ryan Gregory Bracken's ("Bracken") Motion to Reinstate His Right to Self Representation filed on July 26, 2024. As stated by the Court at the August 12, 2024 hearing on the Motion, the Court grants the Motion.

I. BACKGROUND

Bracken was indicted on April 17, 2024. The following day, he appeared before Magistrate Judge Dustin Pead with his previously-appointed counsel for a status conference. At that hearing, Bracken stated that he wished to terminate his counsel and represent himself. Judge Pead held a *Faretta* hearing on April 23, 2024, and granted Bracken's request after finding that he knowingly and intentionally waived his right to counsel. Judge Pead further warned him that the right to self-representation was a limited right and that he should conduct himself appropriately.

Bracken subsequently filed a Motion for Habeas Corpus Writ of Quo Warranto and a Motion for Dismissal. On June 4, 2024, the Court issued a Memorandum Decision and Order denying these motions and warning Bracken that "refusal to comply with the Court's orders,

1

provide answers to the Court's questions, and otherwise fail to cooperate or participate in this case may result in termination of his right to self-representation."[1]

On June 4, 2024, Bracken appeared before the Court for a status conference. At that hearing, the Court revoked Bracken's right to self-representation due to his obstructionist conduct, specifically his refusal to answer the Court's questions and his frequent interruptions and outbursts even after warnings and admonishments by the Court. He further made aggressive comments to the Court such as: "You can lock me up, but I eventually will get out of there, and I will hold each and every one of [you] accountable, especially for treason."[2]

Following the Court's revocation of Bracken's right to self-representation, Judge Pead appointed Robert Steele as Bracken's counsel. Following his appointment, Mr. Steele filed the Motion now before the Court to reinstate Bracken's right to self-representation. In the Motion, Mr. Steele acknowledges that the behavior Bracken exhibited at the June 4 status conference was "inappropriate," but states that "he has agreed to work on these issues and has accepted some help from counsel to find ways to improve his participation in court."[3] He further represented that there are certain defenses Bracken would like to make and "Bracken is the only one who can argue them as he sees them."[4]

The Court held a hearing on the Motion on August 14, 2024. At that hearing, the Court conducted a *Faretta* inquiry with Bracken. Following Bracken's answers to the Court's

---

[1] Docket No. 27, at 8.
[2] Docket No. 37, at 12.
[3] Docket No. 39, at 5.
[4] *Id.*

questions, the Court advised that self-representation would be unwise considering the allegations against him, and his lack of formal legal training or knowledge of the federal rules of evidence and criminal procedure. Bracken made clear he wished to represent himself with the assistance of Mr. Steele and the Court subsequently found that he had knowingly and intelligently waived his right to counsel after having been informed of all the factors that the Tenth Circuit requires and verbally granted his Motion. The government did not object to Bracken's self-representation and noted his improved behavior in recent Court hearings.

## II. DISUCUSSION

"A criminal defendant has a constitutional and a statutory right to waive [their] right to counsel and represent [themself] at trial. The right of self-representation, however, is not absolute."[5]

> To properly invoke the right to self-representation, a defendant must satisfy four requirements. First, the defendant must clearly and unequivocally inform the district court of his intention to represent himself. Second, the request must be timely and not for the purpose of delay. Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made. Finally, the defendant must be able and willing to abide by rules of procedure and courtroom protocol.[6]

"[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer."[7] Therefore, "[i]n certain instances, a court may terminate the right to self-representation, or the defendant may waive it,

---

[5] *United States v. Akers*, 215 F.3d 1089, 1096–97 (10th Cir. 2000) (citations omitted).

[6] *United States v. Tucker,* 451 F.3d 1176, 1180 (10th Cir. 2006) (internal quotation marks and citations omitted).

[7] *Martinez v. Ct. App. of Cal.,* 528 U.S. 152, 162 (2000).

even after he has unequivocally asserted it."[8] "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."[9] "A court should, of course, vigilantly protect a defendant's constitutional rights, but it was never intended that any of these rights be used as a ploy to frustrate the orderly procedures of a court in the administration of justice."[10] Therefore, the Court "may properly impose restraints on the right to reject counsel to prevent the right from being manipulated so as to obstruct the orderly procedure of the courts."[11]

Considering Bracken's improved courtroom behavior and cooperation with the Court, his stated desire to have the assistance of Mr. Steele, and knowing and voluntary waiver of his right to counsel, the Court grants Bracken's Motion and reappoints his self-representation. The Court further appoints Mr. Robert Steele as standby counsel.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Reappoint his Self Representation (Docket No. 39) is GRANTED. It is further

ORDERED that Robert Steele is appointed as standby counsel to assist Bracken at trial and in preparing his defense.

---

[8] *United States v. Barbuto*, 60 F. App'x 754, 758 (10th Cir. 2003) (internal quotation marks and citations omitted).

[9] *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

[10] *United States v. Nunez*, 877 F.2d 1475, 1478 (10th Cir. 1989) (quoting *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979)).

[11] *United States v. Padilla,* 819 F.2d 952, 959 (10th Cir. 1987).

DATED this 20th day of August, 2024.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge