IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>RYAN GREGORY BRACKEN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:24-CR-132-TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Defendant Ryan Gregory Bracken's ("Bracken") Motion to Dismiss filed on August 20, 2024. For the reasons stated herein, the Court will deny the Motion.

## I.  BACKGROUND

  On April 17, 2024, a two-count Indictment was filed against Bracken for stalking (Count I) and interstate communication of threats (Count II).[1] In May 2024, Bracken filed a Habeas Corpus Writ of Quo Warranto[2] and a Motion to Dismiss,[3] both seemingly seeking dismissal of the charges contained in the Indictment. The Court denied both motions on June 4, 2024.[4]

  On August 14, 2024, the Court granted Bracken's motion to reinstate his right to self-representation and allowed Bracken to represent himself.[5] Several days later, on August 20,

---

[1] Docket No. 9.

[2] Docket No. 20.

[3] Docket No. 22.

[4] Docket No. 27.

[5] Docket Nos. 50, 53.

1

2024, Bracken filed the Motion to Dismiss now before the Court. The government filed a Superseding Indictment on August 21, 2024, adding four additional counts of stalking.[6]

## II.  DISCUSSION

Bracken's Motion raises many of the same arguments already raised in his previous motions. First, Bracken objects to the Court entering a plea on behalf of "Ryan Gregory Bracken." Like Bracken's previous motions, his arguments in support of this objection contain "various statements indicative of the sovereign citizen movement."[7] As the Court explained previously, these arguments are "completely without merit and patently frivolous."[8] Therefore, as before, the Court declines to address them.

Next, Bracken again challenges the "federal jurisdiction" of the Court because it is located "outside the ten square miles of Washington D.C."[9] As the Court ruled previously,

> [I]t is well established that Congress has the authority to enact criminal law in furtherance of its enumerated powers, such as the power to regulate interstate commerce. Those courts that have considered the issue have concluded the enactment of the statutes under which Defendant is charged were permissible under Congress's authority to regulate interstate commerce.[10]

Therefore, as before, the Court declines to dismiss the Indictment for lack of jurisdiction.

Bracken next contends that "the Sheriff's use of a server collection of voicemails being placed outside of Utah without the public's knowledge or consent" violated his due process rights and violates RICO laws. Bracken does not explain how the location of the voicemail

---

[6] Docket No. 56.

[7] Docket No. 27, at 3.

[8] *Id.*

[9] Docket No. 54, at 2.

[10] Docket No. 27, at 5–6 (citations omitted).

server bears on his due process rights and, seeing no apparent explanation, the Court will not engage in guesswork or attempt to construct an argument for Bracken.[11] Regarding the alleged violations of RICO, any violation of RICO by the Sheriff is irrelevant to the criminal charges at issue in this case. Accordingly, the Court declines to dismiss the Indictment on these grounds.

Bracken further asserts that he was not aware of the interstate commerce violations with which he is now charged when he was calling the Utah Sheriff "for redress of grievance."[12] As stated by the government in their Opposition, the government is not required to prove that the defendant knew the alleged threatening communication was an interstate communication.[13] Therefore, even accepting Bracken's assertion as true, such would not support a dismissal of the Indictment.

---

[11] *Lundahl v. Halabi*, 600 F. App'x 596, 601 (10th Cir. 2014) ("[A]lthough we make some allowances for the pro se [litigant's] failure to cite proper legal authority, [their] confusion of various legal theories, or [their] poor syntax and sentence construction, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.") (quoting *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

[12] Docket No. 54, at 2.

[13] *See e.g., United States v. Sturm*, 672 F.3d 891, 896 (10th Cir. 2012) ("Although the Government must prove beyond a reasonable doubt that visual depictions were transported in interstate or foreign commerce, it is not necessary for the Government to establish that the defendant knew that state lines were actually being crossed or that the image traveled in interstate or foreign commerce."); *United States v. Whiffen*, 121 F.3d 18, 23 (1st Cir. 1997) (finding defendant's lack of knowledge that his in-state call was rerouted out of state did not constitute a defense to the charges); *United States v. Darby*, 37 F.3d 1059, 1067 (4th Cir. 1994) ("Numerous cases have held that criminal statutes based on the government's interest in regulating interstate commerce do not generally require that an offender have knowledge of the interstate nexus of his actions.") (collecting cases); *United States v. Kammersell*, 7 F. Supp. 2d 1196, 1199 (D. Utah 1998) (collecting cases), report and recommendation adopted, 7 F. Supp. 2d 1196, 1197 (D. Utah 1998).

Bracken next objects to the stalking charge, arguing that the foreclosure proceedings that preceded his alleged stalking conduct were unlawful and an act of treason. As explained in the Court's June 4 Order, "claims about the legality of the foreclosure proceedings are not relevant to the issues presented in this case" because even assuming the foreclosure was illegal, such would not allow for the unlawful conduct alleged in the Indictment.[14]

Bracken asserts that he had a GPS tracker installed on his automobile which proves he "never stalked the alleged victim" and, further, that the alleged victim never answered any of his calls, which he argues "mak[es] it impossible to stalk an elected official."[15] To prove the stalking charge, the government must prove that, on or about April 2, 2024, with the intent to kill, injure, harass, or intimidate a person, Defendant used a facility of interstate commerce (alleged to be a cell phone), to engage in a course of conduct and that course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person, an immediate family member of that person, or a spouse or intimate partner of that person.[16] Neither the location of Bracken's vehicle nor whether the alleged victim answered their telephone has any apparent relevance to the above-stated charges. However, even if Bracken could show these facts to be relevant at trial, they are not appropriate grounds for the Court to dismiss the charges.

Bracken next "orders" the Court to produce "the recorded oath of office for the fiscal year 2024." As Bracken has no authority to order the Court to take any sort of action, the Court

---

[14] Docket No. 27, at 3.

[15] Docket No. 54, at 3.

[16] *See* 18 U.S.C. § 2261A.

construes this demand as a motion. A recorded oath of office holds no relevance to the charges facing Bracken. The Court accordingly denies the motion.

Finally, Bracken motions the court to add a counterclaim for damages. There is no procedure provided in the Rules of Criminal Procedure or elsewhere that allows for a counterclaim in a criminal proceeding. Counterclaims are limited to civil proceedings. The motion is accordingly denied.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 27) is DENIED.

DATED this 4th day of September, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge