IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RYAN GREGORY BRACKEN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS<br><br>Case No. 2:24-CR-132 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Ryan Gregory Bracken's ("Bracken") Objections to the Government's Proposed Jury Instructions.[1] For the reasons discussed below, the Court will overrule most of the objections.

The six-count Superseding Indictment filed against Bracken on August 21, 2024, alleges five counts of Stalking and one count of Interstate Communication of Threats.[2] On September 17, 2024, the Court held a final pretrial conference wherein the government informed the Court it had provided physical copies of the jury instructions to Bracken for his review.[3] On September 20, 2024, Bracken filed objections to 18 of the government's proposed jury instructions.[4]

The majority of Bracken's objections espouse invalid legal theories indicative of the "sovereign citizen" ideology, including that the United States and its laws have no jurisdiction

---

[1] Docket No. 78.

[2] Docket No. 56.

[3] Docket No. 81.

[4] Docket No. 78.

1

over Bracken[5] and that Bracken himself cannot be charged with a crime.[6] Bracken also objects to well-established customs of juris prudence, including the jury's role as fact finder,[7] the Court's entry of his not guilty plea,[8] and the "impossibility" of his own testimony.[9] As the Tenth Circuit has noted, an individual's belief that the United States does not have jurisdiction over him "has no conceivable validity in American law."[10] Further, the Court has continually rejected these or similar arguments as "completely without merit and patently frivolous."[11] Accordingly, the Court will not remove or provide any instructions on a basis indicative of sovereign citizen ideology. However, Bracken is correct that he, himself, did not enter his "not guilty" plea. Rather, the Court entered it on his behalf. The jury instructions concerning this will be updated to reflect the case's events more accurately.

Two of Bracken's objections are more substantive. First, Bracken objects to the government's proposed Instruction No. 13, which defines the crime of stalking under 18 U.S.C. § 2261A, the statute Bracken has been charged with violating in Counts 1, 3, 4, 5, and 6 of the Superseding Indictment. Bracken disputes the government's definition and argues for use of his own definition of stalking, which he states is from "the dictionary of legal terms."[12] The relevant

---

[5] *See id.* at 1–4 ("First Page Objections," "Instruction #1," "Instruction #6," "Instruction #7," "Instruction #8," "Instruction #11," and "Instruction #19").

[6] *See id.* 2, 4 ("Instruction #3" and "Instruction #23").

[7] *See id.* at 2 ("Instruction #2").

[8] *Id.* at 2–3 ("Instruction #9" and "Instruction #10").

[9] *Id.* at 4 ("Instruction #23").

[10] *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).

[11] Docket No. 27, at 3.

[12] Docket No. 78, at 3 ("Instruction #13").

definition of stalking for purposes of resolving the charges against Bracken is that provided in the criminal statute under which he is charged. The Court will therefore instruct the jury consistent with 18 U.S.C. § 2261A, and not the definition provided by Bracken.

Second, Bracken objects to the government's proposed Instruction No. 15, which instructs the jury on the "recklessness" standard for sending a threatening communication established in *Counterman v. Colorado.*[13] Specifically, he objects to the fact that the government does not have to prove that he "knew" the communication would be seen as a threat. However, *Counterman* is the established standard, and the Court will instruct the jury consistent with *Counterman* as to the government's burden of proof.

Finally, Bracken's remaining objections do not comport with the Federal Rules of Criminal Procedure. Under Federal Rule of Criminal Procedure Rule 30(d), "[a] party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Bracken's responses to Proposed Instruction Nos. 14, and 16–18 simply object to each proposed instruction and the case law used to establish it.[14] But Bracken fails to state why he objects, nor does he list specific grounds for each objection. Accordingly, the Court will overrule these objections.

It is therefore

ORDERED that Defendant's objections to the proposed jury instructions are OVERRULED as set forth above.

---

[13] 600 U.S. 66 (2023).

[14] Docket No. 78, at 3 ("Instruction # 14," "Instruction # 16," "Instruction # 17," "Instruction # 18").

DATED this 26th day of September, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge