IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES,<br><br>                  Plaintiff,<br><br>v.<br><br>RYAN GREGORY BRACKEN,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S PRETRIAL MOTIONS<br><br><br>Case No. 2:24-CR-132-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Ryan Gregory Bracken's ("Bracken") Motions in Limine, Motion to Dismiss, Motion to Claim Sham Legal Proceedings Under Color of Law, and Request for Discovery. For the reasons discussed below, the Court will deny without prejudice Bracken's Motions in Limine,[1] Motion to Dismiss,[2] and Motion to Claim Sham Legal Proceedings Under Color of Law,[3] and will grant in part Bracken's Request for Discovery.[4]

I.  BACKGROUND

The six-count Superseding Indictment filed against Bracken on August 21, 2024, alleges five counts of Stalking and one count of Interstate Communication of Threats.[5] Bracken

---

[1] Docket Nos. 76, 86.

[2] Docket No. 86.

[3] *Id.*

[4] Docket No. 77.

[5] Docket No. 56.

1

previously filed several motions seeking dismissal of his charges,[6] which the Court denied.[7] On September 17, 2024, the Court held a final pretrial conference wherein the government and Bracken stated their readiness to proceed to trial as scheduled. Bracken subsequently filed these Motions in preparation for trial.[8]

## II.  DISCUSSION

The Federal Rules of Evidence provide that "[r]elevant evidence is admissible" except where provided elsewhere in law.[9] For example, relevant evidence is excludable "where its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[10] The Rules of Evidence further provide that "[i]rrelevant evidence is not admissible."[11]

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[12]

---

[6] *See* Docket Nos. 20, 22, 54. The previous motions were filed before the government filed the Superseding Indictment and were therefore directed at the original Indictment, which alleged only one count of stalking and one count of interstate communication of threats.

[7] *See* Docket Nos. 27, 68.

[8] Bracken has elected to waive his right to counsel and is proceeding pro se.

[9] Fed. R. Evid. 402.

[10] Fed. R. Evid. 403.

[11] Fed. R. Evid. 402.

[12] Fed. R. Evid. 401.

*a. Request for Discovery*

Rule 16 of the Federal Rules of Criminal Procedure sets out the government's disclosure requirements. Relevant here Rule 16(a)(1)(E) states:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Bracken's Request for Discovery seeks disclosure of 13 numbered items.[13] Applying the above definition of "relevance," the Court finds that 11 of the 13 requests seek "discovery" of documents or records that, even if in existence, are irrelevant because they would not make a fact of consequence to the criminal charges against Bracken more or less probable. Irrelevant information is inadmissible and, accordingly, cannot be material to the defense or used by the government in its case-in-chief. It therefore need not be disclosed. This analysis applies to the following requested records (again assuming records of such information exists): a recorded oath of office by the Judge and prosecutor; FinCEN records, the Judge's 1099 (presumably referring to 1099 tax form); an IRS Certificate of Good Standing for 2024 (presumably from the Judge and/or prosecutor); the names of any grand jurors and their FinCEN records;[14] proof of Bracken's citizenship;[15] "copies of the bid, performance, and payment bonds they are holding

---

[13] *See generally*, Docket No. 77.

[14] *See also* Fed. R. Crim. P. 16(a)(3) ("This rule does not apply to the discovery or inspection of a grand jury's recorded proceedings.").

[15] *See Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011) ("[W]e note that an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law.") (internal quotation marks and citation omitted).

Defendant as surety for"; IRS records; the Court's "DUN & Bradstreet number"; and a copy of Bracken's rejected case in 2023 for failure to make filing fee.

Two requests remain. First, "[a]ny and all discovery on the GPS unit placed upon [Bracken's] personal automobile, for the data that it contains." The relevance of this information is not apparent. However, if the government is in possession of such evidence, and such evidence is material to Bracken's defense or the government's case, the government must disclose it to Bracken pursuant to Rule 16.

Lastly, Bracken requests "unredacted statements." This request is not sufficiently detailed. However, at the September 17 final pretrial conference Bracken made a request for unredacted statements and the government indicated it would provide such. The Court generally expects that the government will comply with all disclosure requirements imposed by Rule 16 and all other applicable authorities and has seen no evidence suggesting it has not done so.

    b. *Motion in Limine, to Dismiss, and to Claim Sham Legal Proceedings*

For the same or similar reasons previously argued, Bracken moves to have his charges dismissed or declared "sham legal proceedings."[16] As before, many of the arguments put forth in support of dismissal are indicative of the sovereign citizen movement or otherwise wholly unsupported or nonsensical.[17] As the Court has explained ad nauseum, these arguments are not only irrelevant to the criminal charges he faces but are also "completely without merit and patently frivolous."[18] As before, the Court declines to address them further.

---

[16] *See generally,* Docket No. 86.

[17] *See id.* ¶¶ 1–6, 13–14, 17–20, 25.

[18] Docket No. 27, at 3.

Similar to arguments previously raised, Bracken seemingly argues for dismissal based on the Court's and the government's failure to provide a recorded oath of office, proof of good standing with the IRS, and a 1099 tax form. The Court rejects this argument. As stated in the previous section, these recordings and documents, to the extent they even exist, are wholly irrelevant to the charges at issue in Bracken's upcoming criminal trial. There is further no legal or common-sense basis to provide such records to Bracken.

Also similar to arguments raised previously, Bracken takes issue with allegedly being denied the opportunity to file a separate petition in this district for failure to pay a filing fee, and motions the Court to allow him to file a "criminal complaint" against "the prosecutor, magistrate, and judge."[19] This request firstly has no basis in law as citizens cannot bring federal criminal charges, and secondly is entirely outside of the scope of the instant criminal case over which this Court has jurisdiction.

Finally, seemingly to support dismissal, Bracken asserts numerous facts supporting his innocence, including that: he never made any threats, but instead made "conditional statements that if said things happened that they could/would be met with deadly force;" never implied that he would be the one to carry out the penalty of treason"; the telephone line he called was not "in any way a business or commercial line"; none of his repeated calls were answered by the recipient"; and the phone calls were for a legitimate purpose of educating the officials.[20] To the

---

[19] Docket No. 86 ¶ 11.

[20] *Id.* ¶¶ 21–24.

extent these arguments are relevant to the charges in this case, they are fact issues to be presented to the jury to consider and weigh, and not for the Court's determination at this time.[21]

In addition to seeking dismissal, Bracken raises the following arguments seeking to limit certain evidence or statements at trial: (1) the Court should not allow any evidence of Bracken's firearm;[22] (2) the Court should prohibit the use of the terms "sovereign citizen," "person," "Mr.", and "human" at trial;[23] (3) Defendant is not representing himself "pro se" but is instead presenting himself "sui juris;" and (4) the Defendant's statements were protected by the First Amendment.

First, regarding evidence of Bracken's firearms: The government's trial brief indicates that a search warrant of Bracken's residence revealed "many firearms" and "thousands of rounds of ammunition."[24] However, the government states that only one of the firearms located is relevant to the charges and, accordingly, it intends to introduce two photographs of that firearm only and the associated ammunition. Bracken argues that the "seizure" of these firearms was "unwarranted" and the government "has no jurisdiction to use it," in part because a warrant was allegedly not obtained.[25]

---

[21] *See Berra v. United States*, 351 U.S. 131, 134 (1956) ("The role of the jury in a federal criminal case is to decide only the issues of fact, taking the law as given by the court.").

[22] Docket No. 86 ¶ 7.

[23] *Id.* ¶ 12; Docket No. 76.

[24] Docket No. 83, at 18.

[25] Docket No. 86, ¶ 7.

To the extent Bracken is arguing for suppression of the firearm evidence because it was obtained as a result of an unlawful search or seizure,[26] Federal Rule of Criminal Procedure 12(b)(3)(C) requires a motion for suppression of evidence to be raised before trial. Though he is proceeding pro se, Bracken must still comply with the same rules that govern other litigants.[27] Moreover, the government indicates that a warrant was obtained.[28] Therefore, any suppression motion would likely be without merit.

Insofar as Bracken seeks to exclude the photographs under the applicable rules of evidence, the Court will defer its ruling to allow the government an opportunity to explain the purported relevance. If the government cannot demonstrate its relevance or that its probative value is not substantially outweighed by any prejudice to Bracken, the Court will exclude admission of the described photographs.

Second, Bracken seeks to limit use of certain words at trial. Bracken seeks to prohibit use of the term, "sovereign citizen." However, he provides no legal basis to do so. He simply asserts that the term "does not exist" and is "in fact an oxymoron." Bracken's disagreement with the legitimacy of a widely understood word or phrase is not a basis to exclude its use at trial. The Court does not know if or how this term would be used by the government at trial. If the term is

---

[26] *See Murray v. United States*, 487 U.S. 533, 536 (1988) ("The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search.") (citation omitted).

[27] *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (stating that the right of self-representation is not "a license not to comply with relevant rules of procedural and substantive law").

[28] Docket No. 83, at 18.

used during trial, and Bracken believes use of such term violates a rule of evidence, Bracken may object at that time and provide the basis for the objection.

Similarly, the Court will not prohibit use of the terms "person," "Mr.", and "human" at trial without a legal or practical basis to do so. The Court has noted Bracken's preference that he be called "Bracken" and not "Mr. Bracken," and has indicated its willingness to address him as such. The Court has further stated its intent to instruct the jury that Bracken disfavors addressing him by use of the word "Mr." and not to consider the Court's or government's failure to address him as "Mr. Bracken" in their consideration of the evidence. However, the Court declines to further impose Bracken's preferred terminology on the government or the court proceedings.

Third, Bracken states his disagreement with identifying him as "pro se," and states he is instead "suis juris."[29] The Court finds no basis for excluding the term "pro se" at trial, but notes Bracken's disagreement with the term.

Fourth, Bracken asserts his right to free speech and to make "vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials."[30] It is unclear whether Bracken asserts this right in support of dismissal or to argue that the alleged statements leading to the charges in this case should not be allowed at trial. Either way, the argument fails at this point in the proceedings. The Supreme Court has made clear that "[t]rue threats of violence are outside the bounds of First Amendment protection and punishable as crimes."[31] The Court will ensure that the instructions provided to the jury accurately describe the law regarding when

---

[29] Docket No. 86 ¶ 15.

[30] *Id.* ¶ 16.

[31] *Counterman v. Colorado*, 600 U.S. 66, 69 (2023).

speech crosses the line from protected speech to unprotected threats. The government must then prove, beyond a reasonable doubt, that Bracken's speech amounted to unprotected threats, among other things. Bracken will, of course, be provided the opportunity to present to the jury his facts and arguments supporting that the statements he made were constitutionally protected speech. Bracken may also argue, at the close of the government's case, that the government failed to meet its burden to present sufficient evidence of "true threats" to support a conviction.[32] However, the Court cannot make such a determination until the government has been given an opportunity to present its evidence.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 76) is DENIED. It is further

ORDERED that Defendant's Motion in Limine, Motion to Dismiss, Motion to Claim Sham Legal Proceedings under Color of Law (Docket No. 86) is DENIED. It if further

ORDERED that Defendant's Request for Discovery (Docket No. 77) is GRANTED IN PART as described herein.

DATED this 26th day of September, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[32] See Fed. R. Crim P. 29.