IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>RYAN GREGORY BRACKEN,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER RE: GOVERNMENT'S MOTION IN LIMINE<br><br><br>Case No. 2:24-CR-132-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine.[1] For the reasons discussed below, the Court will grant in part and deny in part the motion.

The government moves to preclude Bracken from (1) presenting evidence or argument that will confuse the jury on the relevant law; (2) introducing irrelevant evidence; (3) arguing inapplicable and unsupported affirmative defenses; (4) presenting evidence or argument regarding his right to make threats under the First Amendment; (5) introducing evidence regarding his knowledge or lack thereof of "interstate nexus"; (6) referencing potential penalty or punishment. Finally, the government moves to require Bracken to testify in a "question-answer" format, should he decide to testify.

　a. *Suppression of Anticipated Arguments*

The government's motion first seeks an order from the Court precluding Bracken from presenting various evidence and arguments, which the government anticipates he may intend to

---

[1] Docket No. 82.

1

present during trial. While we can guess, neither the government nor the Court knows what Bracken intends to present to the jury, and he is not required to disclose as much.[2] While the Court appreciates the government's thoughtfulness, the Court will not attempt to anticipate the range of arguments and evidence that *could* be presented, and the Court declines to issue an order precluding each argument the government anticipates. However, the Court will at this time explicitly prohibit Bracken from arguing about or otherwise discussing the legality of the foreclosure proceedings initiated against him during opening and closing statements or otherwise during trial. The government may further object to any other legally improper evidence and arguments at trial, if such is presented.

    The Court shares the government's stated interest to avoid confusing the jury to the greatest extent possible. The Court believes any such confusion may be alleviated by (1) thoughtful objections to irrelevant or otherwise improper questions and evidence at trial; and (2) jury instructions clearly detailing the applicable law, including an instruction that the Court, not the parties, is the authority on the law to be applied to the case. If, as the government anticipates, improper evidence or argument is presented, the Court will consider a jury instruction from either party directing the jury not to consider such evidence or argument.

    At the *Faretta* hearing held on August 20, 2024, wherein Bracken elected to represent himself, the Court stated unequivocally that Bracken must comply with all applicable evidentiary and procedural rules throughout the proceedings and including trial. Bracken affirmatively acknowledged his understanding of this requirement and elected to proceed without counsel. To

---

[2] *See generally*, Fed. R. Crim. P. 16.

the extent it bears repeating, the Court now reiterates that both parties are expected to comply with all applicable rules of evidence and procedure.[3] The parties are further expected to promptly comply with the Court's rulings on motions and objections, and any other directives from the Court, including those already issued. As noted by the government, some of the Court's previous orders find certain evidence and arguments raised by Bracken to be irrelevant. Because irrelevant evidence is inadmissible,[4] the Court will not allow such to be introduced at trial.

Finally, the Court reminds the parties that a defendant has a constitutional right to proceed without counsel.[5] The Court must respect this right and allow Bracken to argue his case as he sees fit, so long as he stays within the bounds of the relevant laws, including rules of evidence and procedure. However, the right to represent oneself is not unlimited. Bracken may not engage in repeated disruptive or obstructionist conduct, including violations of the Court's orders and directives, that substantively interferes with the Court's ability to conduct a trial or the government's ability to present its case.[6]

---

[3] This applies with equal force to the government, which filed the instant Motion that is overlength by 21 pages. *See* Docket No. 55, at 3 (limiting the length of motions in limine to three pages).

[4] Fed. R. Evid. 403.

[5] *See Faretta v. California*, 422 U.S. 806, 834 (1975) ("The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law.") (internal quotation marks and citations omitted).

[6] *See United States v. Nunez*, 877 F.2d 1475, 1478 (10th Cir. 1989) ("A court should, of course, vigilantly protect a defendant's constitutional rights, but it was never intended that any of these rights be used as a ploy to frustrate the orderly procedures of a court in the administration of justice.") (quoting *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979)); *United States v. Padilla*, 819 F.2d 952, 959 (10th Cir. 1987) (finding a court "may properly impose restraints on the right to reject counsel to prevent the right from being manipulated so as to

*b. Format of Bracken's Testimony*

The government next argues that, if Bracken elects to testify, he must testify in question-and-answer format to allow the government an opportunity to object to the question. The Court agrees. Courts have consistently required a self-representing party to testify in a manner that provides "opposing counsel the opportunity to lodge any objection prior to" the answer.[7] Bracken should work with standby counsel to prepare questions for standby counsel to ask Bracken at trial in front of the jury, should Bracken wish to testify. If Bracken objects to this format, he may alert the Court and propose an alternative.

## IV. CONCLUSION

It is therefore

ORDERED that the Government's Motion in Limine (Docket No. 82) is GRANTED IN PART.

---

obstruct the orderly procedure of the court "); *United States v. Smith*, 830 F.3d 803, 810 (8th Cir. 2016) ("Repeated, frivolous challenges to the court's jurisdiction, to the government's authority to prosecute, or to the validity of the federal laws defendant is charged with violating, are not disruptive or defiant in this sense—unless they threaten to forestall pretrial or trial proceedings.").

[7] *United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) (collecting cases wherein circuit courts have upheld a court's refusal to allow pro se testimony in narrative form); *United States v. Geddes*, No. 1:15-CR-93-TC-CMR, 2022 WL 742705, at *2 (D. Utah Mar. 11, 2022) ("If [the pro se defendant] decides to testify, the court will require him to proceed by using a question-and-answer format.").

DATED this 26th day of September, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge