IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RYAN GREGORY BRACKEN,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER RE: GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS AND MOTION TO EXCLUDE<br><br><br>Case No. 2:24-CR-132-TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on the government's Objections to Defendant's Proposed Exhibits and Motion to Exclude.[1] For the reasons discussed below, the Court will sustain in part the objections and grant in part the Motion.

　　　　On September 23, 2024, the government filed a Motion in Limine seeking an order from the Court precluding Bracken from making certain anticipated arguments and introducing certain anticipated evidence. The Court declined to enter an order precluding argument or evidence that *might* arise during trial, however the Court did preclude Bracken from arguing about the legality of the foreclosure proceedings entered against him.[2] The Court later clarified at trial that Bracken would be allowed to explain to the jury that he felt the foreclosure proceedings were wrongly entered against him, but the Court would not allow Bracken to relitigate the legality of the foreclosure.

---

[1] Docket No. 82.

[2] *See* Docket No. 92, at 2.

1

Bracken has provided the Court with a list of 16 intended trial exhibits. These exhibits include the following: (A) formal birth certificate; (B) apostilled and recorded birth certificate with cert of validity; (C) apostilled judicial notice power of attorney; (D) apostilled license grant deed; (E) apostilled memorandum agent's certification as to the validity of power of attorney and agent's authority; (F) Utah self-proving affidavit; (G) Social Security avouchment; (H) recorded estate fee schedule and certificate of validity; (I) passport book and card; (J) Warranty deed and accepted warranty deed and cert of validity; (K) sovereign packet and judicial cognizance; (L) fact of death; (M) article 4 flag; (N) revocation of election and recission of signature of Deed of Trust and cert of validity; (O) Jeff Sessions address to the nation on federal jurisdiction; and (P) petition and cover sheet for case number 2:23cv527-TC.

The government objects to each of these exhibits as irrelevant, hearsay, or both, and moves to exclude their admission at trial.[3]

The Federal Rules of Evidence provide that that "[i]rrelevant evidence is not admissible."[4] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[5] Relevant evidence is inadmissible where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6]

---

[3] Docket No. 94.

[4] Fed. R. Evid. 402.

[5] Fed. R. Evid. 401.

[6] Fed. R. Evid. 403.

The Court finds that exhibits A through K, and N are facially irrelevant to the charges brought against Bracken and are accordingly inadmissible. These exhibits appear related to the foreclosure proceedings initiated against Bracken, which have limited relevance to the proceedings before this Court or related to Bracken's espoused legal views, which the Court has rejected. As explained, even assuming the foreclosure was illegal, such would not allow for the unlawful conduct alleged in the Superseding Indictment.[7] The legality of the foreclosure is therefore not a defense to the crimes alleged by the government and is not otherwise relevant.

Exhibits K, L, M, and O are also facially irrelevant to the charges brought against Bracken. To the extent Bracken intends to use these exhibits to argue or explain the law to the jury, such is inappropriate because it is solely the Court's responsibility to decide and instruct on the relevant law. Exhibit O is also plainly inadmissible hearsay. Finally, to the extent these exhibits bear some relevance to the charges, such relevance would also be outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, unduly delay, [or] wasting time."[8]

Finally, the relevance of exhibit P is unclear. It appears to support Bracken's argument that his alleged actions were motivated, at least in part, by his failure to obtain relief through the proper channels. Though, as stated, this is not a defense, the Court will allow Bracken to argue its relevance and for its admissibility at trial.

---

[7] *See* Docket No. 68, at 4; Docket No. 27, at 3.

[8] *See* Fed R. Evid. 403.

It is therefore

ORDERED that the Government's Objections to Defendant's Proposed Exhibits and Motion to Exclude (Docket No. 94) is SUSTAINED AND GRANTED IN PART.

DATED this 1st day of October, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge