IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES,<br><br>              Plaintiff,<br><br>v.<br><br>RYAN GREGORY BRACKEN,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE<br><br><br>Case No. 2:24-CR-132-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Ryan Gregory Bracken's ("Bracken") Motion in Arrest or to Vacate Judgement, filed on December 11, 2024.[1] For the reasons described below, the Court will deny the Motion.

I. BACKGROUND

On August 21, 2024, a six-count Superseding Indictment was filed against Bracken charging him with five counts of Stalking in violation 18 U.S.C. § 2261A (Counts 1, 3, 4, 5, and 6), and one count of Interstate Communication of Threats (Count 2), in violation of 18 U.S.C. § 875.[2] On July 16, 2024, Bracken, moved to reinstate his right to self-representation.[3] Following a *Faretta* colloquy, the Court allowed Bracken to represent himself.[4]

---

[1] Docket No. 112.

[2] Docket No. 56.

[3] Docket No. 39.

[4] Docket Nos. 50, 53.

1

Bracken's jury trial began on September 30, 2024. On October 2, 2024, following the government's conclusion of its case-in-chief, Bracken moved for a judgment of acquittal, which the Court denied on October 7, 2024.[5] On October 2, 2024, the jury returned a verdict finding Bracken guilty as to Counts 1, 2, 4, 5, and 6, and not guilty as to Count 3.[6] Bracken now moves to vacate his judgment citing eight bases to do so.

## II. DISUCUSSION

As the government points out, any procedural rule that would allow for a motion to vacate or set aside the judgment would require that such motion be filed within 14 days after a guilty verdict, or later if the motion is based on new evidence.[7] Because Bracken filed his Motion over two months after the jury issued a guilty verdict, and because Bracken has not alleged any new evidence, his Motion is time barred. However, even if the Motion was not time barred, the Motion also fails for substantive reasons.

First, Bracken argues dismissal is warranted because the magistrate judge entered a plea of not guilty on behalf of Bracken when he "denied the charges and claimed Demur."[8] However, Rule 11(a)(4) of the Federal Rules of Criminal Procedure provides that "[i]f a defendant refuses to enter a plea . . . the court must enter a plea of not guilty." Therefore, the magistrate judge's entry of a not guilty plea was a procedural requirement and is not a basis for dismissal.

---

[5] Docket No. 109.

[6] Docket No. 106.

[7] *See* Fed. R. Crim P. 33 and 34.

[8] Docket No. 112, at 1.

Second Bracken argues "[t]he United States cannot be an injured party when all equitable jurisprudence is the defendants."[9] Though the argument is unclear, this appears to be a challenge to the Court's jurisdiction. The Court has previously rejected Bracken's arguments that the Court does not have jurisdiction over his criminal charges and, for the same reasons, now does so again.[10]

Third, Bracken argues the Grand Jury violated his Fifth Amendment right to due process of law. To show a due process violation under the Fifth Amendment, Bracken must show that he was "deprived of a protected interest and that the deprivation occurred without the 'appropriate' level of process."[11] Bracken states conclusively that he was deprived of "notice and opportunity" and his "right to representation in defense."[12] It is not clear what specific process or interest Bracken believes he was deprived of. To the extent he is arguing that his due process rights were violated because he was not allowed to participate in the Grand Jury proceedings, he has no such right.[13] Bracken also argues that he cannot be punished for violating a law that was

---

[9] *Id.*

[10] *See* Docket No. 27, at 5–6 ("[I]t is well established that Congress has the authority to enact criminal law in furtherance of its enumerated powers, such as the power to regulate interstate commerce. Those courts that have considered the issue have concluded the enactment of the statutes under which Defendant is charged were permissible under Congress's authority.").

[11] *Fed. Lands Legal Consortium ex rel. Robart Est. v. United States*, 195 F.3d 1190, 1195 (10th Cir. 1999).

[12] Docket No. 112, at 2.

[13] *United States v. James*, 831 F. App'x 442, 448 (11th Cir. 2020) ("The target of a grand jury's inquiry . . . does not have a constitutional right to appear before the grand jury.").

unconstitutional. However, he does not argue, and the Court has no basis to find, that the laws he has been convicted of violating are unconstitutional.

Fourth, Bracken argues "wanton and malicious prosecution" because the Court and the prosecutors did not produce a recorded oath of office or a surety bond and, accordingly, lack authority. The Court has previously rejected this argument as baseless and does so again now.

Fifth, Bracken argues he was not tried by a jury of his peers because none of the jurors knew him personally. This argument is also baseless. There is no legal requirement that the members of the jury know the defendant. In opposite, the Sixth Amendment requires an impartial jury.

Bracken's sixth basis for dismissal states only, "Conspiracy against the defendants [sic] rights."[14] Bracken's seventh basis states that he was subjected to "an admiralty jurisdictionary martial law military tribunal called United States District Court." These statements do not provide a sufficiently clear argument for the Court to address.[15]

Finally, Bracken's eighth basis for dismissal alleges that the Court and the prosecutors have violated executive orders for human trafficking and committed tax evasion. The Court does

---

[14] Docket No. 112, at 2.

[15] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.") (internal quotation marks and citations omitted).

not have authority to investigate allegations of unlawful activities against either itself or the government. More importantly, these accusations do not provide a legal basis for vacatur or arrest of the Jury's verdict.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Arrest or Vacate Judgment (Docket No. 112) is DENIED.

DATED this 30th day of December, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge